UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS McLAUGHLIN,

    Plaintiff,

v.                                                             CASE NO: 8:10-cv-2843-T-23AEP

HILLSBOROUGH COUNTY,

    Defendant.

_____/

## **ORDER**

A tenured, "Civil-Service-protected" employee of Hillsborough County, the plaintiff worked for sixteen years as an engineer in the County's Public Works Department. After failing to appear at a "pre-disciplinary hearing," the plaintiff was terminated by the County. The plaintiff sues (Doc. 6) under 28 U.S.C. § 1983 and alleges that documents placed in his "personnel file" or otherwise susceptible to a public records request under Chapter 119, Florida Statutes, harm his reputation and deprive him of a liberty right without the opportunity for a "name clearing" hearing. Each party moves (Docs. 46, 48) for summary judgment.

## **BACKGROUND**

The plaintiff alleges that in thirteen documents the County "made false statements of a stigmatizing nature." (Doc. 6 at ¶ 16) Eight documents are County notifications of Civil Service Rules, of disciplinary action, or of charges against the plaintiff. (Docs. 6-1, 6-7, 6-8, 6-9, 6-10, 6-11, 6-12, 6-13) Three documents are

e-mails (sent over the County's e-mail server) between a co-worker and the co-worker's private counsel.  (Docs. 6-3, 6-4, 6-5)  One document is an e-mail from the co-worker to management detailing the receipt of a cryptic telephone call, mentioning the plaintiff's "unstable behavior and gun collection," and stating, "I believe I am at risk for harassment and violence from this disciplinary situation with [the plaintiff,] and I am asking for assistance from the County in protecting me at work."  (Doc. 6-6)  The final document is a personal memorandum written by the County's Director of Public Works about a meeting with the co-worker.  The memorandum notes the plaintiff's "paranoid behavior," "extremely poor interpersonal interactions," "unsubstantiated allegations," and so on.

A March 26, 2007, letter suspends the plaintiff with pay and notifies the plaintiff of an upcoming "pre-disciplinary hearing" to contest the suspension.  (Doc. 6-1)  A May 7, 2007, letter schedules a "pre-disciplinary hearing" for May 22nd and describes the process:

> The County has not determined what evidence it will use at your pre-disciplinary hearing.  The pre-disciplinary hearing package you will receive prior to your pre-disciplinary hearing will contain the documentary evidence supporting any disciplinary charges against you.  The County will follow standard practice and the Civil Service Rules by delivering this package directly to you.  You are entitled to have a representative of your choice accompany you at your pre-disciplinary hearing.

(Doc. 6-7)

Issued after the hearing, a July 5th "Hillsborough County Civil Service Notice of Employment Suspension, Involuntary Demotion for Cause, or Dismissal" formally suspends the plaintiff without pay from March 26, 2007, until "further notice." (Doc. 6-9)  A July 13th letter suspends the plaintiff without pay effective July 17th and notifies the plaintiff of an upcoming "pre-disciplinary hearing" to contest the second suspension.  (Doc. 6-10)  A July 30th letter explains that the July 5th notice "was issued in error," rescinds the notice, and schedules an August 14th pre-disciplinary hearing to address the second suspension.  (Docs. 6-11, 6-12)  An August 3rd "Notice of Pre-Disciplinary Hearing" advises the plaintiff that "charges have been made against you which may result in your . . . dismissal from employment."  (Doc. 6-12)  The notice attaches "348 pages of documentation of the specific charge(s) and a copy of the Civil Service Rule(s) violated."  On page two of the 348-page packet, a memorandum recommends termination.  (Doc. 47 at 8)  The plaintiff received the notice and the evidentiary packet on August 6th.

Nonetheless, the plaintiff failed to appear at the pre-disciplinary hearing, and an August 22nd notice upholds the suspension without pay and dismisses the plaintiff from employment.  (Doc. 6-13)  The notice states, "Civil Service Law and Rules provide that you may appeal this Disciplinary action to the Civil Service Board."  The plaintiff chose not to appeal.

## DISCUSSION

No procedural due process claim arises for a harm to reputation unless the plaintiff shows that the County both published a stigmatizing, false statement "attending" the plaintiff's discharge and deprived the plaintiff of "a meaningful opportunity for an employee name clearing hearing." *Warren v. Crawford*, 927 F.2d 559, 565 (11th Cir. 1991) (quoting *Buxton v. City of Plant City*, 871 F.2d 1037, 1042–43 (11th Cir. 1989)). A "name clearing" hearing serves "not to avert the unjustified denial of a specific benefit, but to allow the aggrieved party to 'clear his name.'" *Buxton v. City of Plant City*, 871 F.2d 1037, 1046 (11th Cir. 1989) (citing *Codd v. Velger*, 429 U.S. 624, 627 (1977)). Accordingly, a "name clearing" hearing to vindicate a deprivation of liberty requires less "process" than a hearing to vindicate a deprivation of property. *Harrison v. Wille*, 132 F.3d 679, 683 n. 9 (11th Cir. 1998). The County may conduct the hearing before or after the termination or publication. *Cotton*, 216 F.3d at 1330 (citing *Harrison*, 132 F.3d at 683 n. 9.

As each party notes, the alleged false, stigmatizing statements divide into two distinct categories of documents. The first category contains each disciplinary notice document informing the plaintiff of each charge and of each pre-disciplinary hearing. The second class contains each e-mail and the Public Works Director's personal memorandum, none of which appeared in the plaintiff's personnel file, none of which the County used against the plaintiff, and none of which emerged outside the e-mail

server and the Director's personal files—at least, not until the plaintiff submitted a public records request well after the termination.

Even assuming that the disciplinary notice documents—ironically, documents informing the plaintiff of procedural due process rights—can and did contain statements both false and stigmatizing, the County provided a pre-disciplinary hearing and an opportunity for appeal to the Civil Service Board. *See Harrison*, 132 F.3d at 683 n.9 ("[D]ue process was satisfied by the same opportunities provided for notice and hearing for the termination itself – the pre[-]disciplinary conferences and subsequent Review Board Hearing."). Additionally, if unsuccessful before the Civil Service Board, a "quasi-judicial" tribunal, the aggrieved may seek *certiorari* review in the Circuit Court for Hillsborough County. FLA. R. APP. P. 9.030(C)(2); *Cambell v. Vetter*, 375 So. 2d 4, 5 (Fla. 4th DCA 1979). The County provided an adequate procedure, available to, but declined by, the plaintiff. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994) (holding that "because Florida circuit courts, on *certiorari* review, possess broad powers of review . . . [the] state remedy is adequate."); *Cromer v. Crowder*, 273 F. Supp. 2d 1329, 1334 (S.D. Fla. 2003) (Moore, J.) ("Because *certiorari* review is available, [the plaintiff] cannot maintain her procedural due process claim for deprivation of liberty under [Section] 1983."); *Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, *5 (S.D. Fla. Mar. 24, 2003) (Moreno, J.) ("Plaintiff cannot voluntarily squander an opportunity for name-clearing and still blame the City for depriving him of a due process interest.").

Even assuming that the second category of documents – discovered by the plaintiff well after the termination – was false, stigmatizing, and published,[*] none of the documents appeared in the 348-page packet of evidence used at the pre-disciplinary hearing, and the plaintiff provides no evidence that a statement otherwise occurred "in connection with the termination of employment." *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000). The plaintiff establishes no procedural due process violation.

## CONCLUSION

The County's motion for summary judgment (Doc. 46) is **GRANTED**. The plaintiff's motion for summary judgment (Doc. 48) is **DENIED**. The clerk shall (1) enter judgment for the County and against the plaintiff and (2) close the case.

ORDERED in Tampa, Florida, on August 8, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] *See Buxton*, 871 F.2d at 1038 (holding "that the placing of stigmatizing information in a public employee's personnel file or in an internal affairs report (public records of Florida pursuant to state law) constitutes publication sufficient to implicate liberty interests requiring protection through procedural due process of law proceedings").